IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARY LOU FIENI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 16-113-SLR |
| | ) | |
| DR. JOHN B. TOWNSEND, III and | ) | |
| DIVISION OF PROFESSIONAL | ) | |
| REGULATION, | ) | |
| | ) | |
| Defendants. | ) | |

Mary Lou Fieni, pro se.

Peter S. Murphy, Esquire, Wilmington, Delaware. Counsel for defendant Dr. John B. Townsend III.

Patricia Davis Oliva, Deputy Attorney General, Department of Justice, Dover, Delaware. Counsel for defendant Division of Professional Regulation.

**MEMORANDUM OPINION**

Dated: October 28, 2016
Wilmington, Delaware

*[signature]*
**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Mary Lou Fieni ("plaintiff"), who proceeds pro se, resides in Pennsylvania. Plaintiff, now in her seventies, worked for most of her career in the area of healthcare at various medical facilities. The evidence in the record indicates that plaintiff has a history of sustaining numerous injuries, most of which occurred at work, starting approximately in the year 1990 and up to 2008. (D.I. 1, ex. H at 3)

Defendant Dr. John B. Townsend III, M.D. ("Dr. Townsend") is a neurologist who practices at Delaware Neuroscience Specialists in Newark, Delaware. (D.I. ex. 1-A at 13) In his practice, Dr. Townsend examines patients relating to workers' compensation claims. *Id.* Defendant State of Delaware Division of Professional Regulation ("DPR") is a professional regulatory agency. Pending before the court is DPR's motion to dismiss. Dr. Townsend filed a motion for joinder with DPR on May 12, 2016. (D.I. 18) Specifically, Dr. Townsend requested incorporation of the arguments raised in paragraphs 1-2 and 4-6 in DPR's motion to dismiss. He did not add additional arguments to DPR's motion to dismiss.[1] The court grants Dr. Townsend's motion for joinder under Fed. R. Civ. P. Rule 20(a)(2)(B). The court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.[2] For the reasons set forth below, the court will grant defendants' motion to dismiss.

---

[1] Also pending is plaintiff's motion for entry of a default judgment.
[2] Plaintiff is a resident of Pennsylvania. Dr. Townsend and DPR are located in Delaware. The complaint identifies an amount in controversy of $100,425. (D.I. 7)

## II. BACKGROUND

This case comes before the court after plaintiff filed suit alleging that defendant Dr. Townsend committed perjury under 18 U.S.C. § 1621, violated 28 U.S.C. § 1746 and "Chapter 11 1223, 1225, 12231, and 12233,"[3] and that Dr. Townsend made specific misstatements to plaintiff in the course of her medical examination and in her medical records. (D.I. 1 at 3) Plaintiff further alleges that DPR failed in its investigation of plaintiff's complaints against Dr. Townsend. (D.I. 1 at 8)

Plaintiff appears to have filed a workers' compensation claim at some point in time prior to 2013 for a work-related accident in 2007. (D.I. 1 ex. A at 4; ex. H at 11) On January 16, 2013, in relation to plaintiff's workers' compensation claim, Dr. Townsend examined plaintiff as part of a defense medical exam. (D.I. 1 ex. H at 11) Dr. Townsend did not treat or diagnose plaintiff during this (or any other) examination, and at no point in time was Dr. Townsend plaintiff's treating physician. (D.I. 1 ex. 4 at 5) As a result of plaintiff's defense medical exam, Dr. Townsend prepared a fourteen-page summary of his evaluation of plaintiff's medical conditions and history. (D.I. 1 ex. 5 at 5) Also, Dr. Townsend appears to have been deposed about the defense medical exam at some point in 2013 or 2014. (D.I. 1 ex. 2 at 2)

During 2014 and 2015, plaintiff filed numerous complaints with DPR, alleging that Dr. Townsend engaged in unprofessional conduct, misrepresented her medical

---

[3] Further discussion of plaintiff's claims are in the Rule 12(b)(6) discussion portion of this opinion.

2

condition to others, failed to provide written medical records to her, and lied during his deposition. (D.I. 1 ex. 2 at 2) On February 5, 2015, DPR sent a letter to plaintiff stating that its investigation of Dr. Townsend had uncovered no violations of Delaware's Medical Practice Act. (D.I. 1 ex. 2 at 6)

From February 25 through April 8, 2015, plaintiff wrote three letters to the Delaware Secretary of State concerning her allegations against Dr. Townsend and DPR's handing of the matter.[4] (D.I. 1 ex. 3 at 15–18) DPR sent plaintiff a second letter on November 6, 2015 reiterating its findings, concluding that Dr. Townsend had not violated the Medical Practice Act, and closed the matter. (D.I. 1 ex. 2 at 8)

Plaintiff filed suit in this court on February 29, 2016 (D.I. 1), and served notice on defendants by mail.[5] (D.I. 4 at 2) On April 15, 2016, plaintiff filed her first motion for default judgment. (D.I. 4) On May 3, 2016, plaintiff filed a second motion for default judgment. (D.I. 10) DPR filed a motion to dismiss on May 2, 2016. (D.I. 7) Dr. Townsend filed an answer joining DPR on May 12, 2016. (D.I. 18 at 1) Dr. Townsend also moved to dismiss plaintiff's complaint on the same date. (D.I. 18 at 2)

## III. MOTIONS FOR DEFAULT JUDGMENT

### A. Standard of Review

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court

---

[4] Besides plaintiff's three letters to Jeffrey Bullock, Delaware Secretary of State, plaintiff has sent letters to this court ex parte with respect to her claims. (D.I. 15, 22)
[5] Plaintiff sent the summons and complaint to defendants by UPS Ground. (D.I. 4 at 2)

3

"enter ... the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b) precludes entry of default. See Francis v. Joint Force Headquarters Nat'l Guard, 2006 WL 2711459 (D.N.J. Sept. 19, 2006), aff'd in part, 247 Fed.Appx. 387 (3d Cir.2007) (unpublished). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984).

## B. Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) The clerk of court entered a default in appearance on May 3, 2016.[6] (D.I. 10) There is no evidence in the record, however, that the summons and complaint were properly served on defendants. See Fed. R. Civ. P. 4(c). The complaint was not properly served on Dr. Townsend. "A writ of summons may be served on the defendant in the manner prescribed by any rule of court, or by stating the substance of it to the defendant personally, or by leaving a copy of it at the defendant's usual place of abode, in the presence of some adult person, 6 days before the return thereof." 10 Del. C. § 3103. The rules require personal service,

---

[6] The form submitted by the pro se plaintiff is captioned "Affidavit." The deputy's signature is related to a "Default Entry." Despite the fact that elsewhere in the form the phrase "Default & Request, Affidavit Entry, and Judgment" appears, the form is not noted as entry of a default judgment on the docket. Even if it were, for the reasons that follow, the court would vacate it.

4

and it was insufficient for plaintiff to mail her complaint to Dr. Townsend's office. (D.I. 4 at 2)

Moreover, DPR is an administrative office or board of the State government, and "no service of summons upon...any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General." 10 Del. C. § 3103. Plaintiff did not properly serve the complaint on DPR because, instead of personally serving the individuals required by statute, she mailed the summons and complaint to the DPR office.

Generally speaking, entry of a default judgment is reserved for those rare circumstances in which, after a specified period of time, defendants have failed to file a response. In the case at bar, both defendants are presently before the court and are moving to dismiss. Therefore, default judgment is an inappropriate remedy. Plaintiff's motions for default judgment are denied.

## IV. 42 U.S.C. § 1983 CLAIM

### A. Standard of Review

The Eleventh Amendment of the United States Constitution protects an unconsenting State or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Furthermore, § 1983

5

claims for monetary damages against a State, state agency, or a state official in his official capacity are barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v. Howard,* 353 Fed.Appx. 667, 672 (3d Cir.2009) (unpublished).

### B. Discussion

Plaintiff's allegations against DPR relate to its handling of plaintiff's complaints against Dr. Townsend. A § 1983 claim against DPR is barred by sovereign immunity, as DPR has neither consented to plaintiff's suit nor waived its immunity under the Eleventh Amendment.

In addition, "to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005).

The substance of plaintiff's complaint against DPR involves clarifications or corrections that plaintiff wants the DPR to submit concerning Dr. Townsend's alleged wrongdoing. (D.I. 1 at 8) There are no allegations that DPR was involved in such wrongdoing. Instead, DPR was conducting routine, administrative work by investigating plaintiff's complaints against Dr. Townsend. For the foregoing reasons, plaintiff has no entitlement to relief against DPR under § 1983.

## V. RULE 12(b)(6) GROUNDS FOR DISMISSAL

### A. Standard of Review

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a three-part analysis when reviewing a Rule 12(b)(6) motion. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d. Cir. 2016). In the first step, the court "must tak[e] note of the elements a plaintiff must plead to state a claim." Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." Lastly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (citations omitted).

Under *Twombly* and *Iqbal*, the complaint must sufficiently show that the pleader has a plausible claim. *McDermott v. Clondalkin Grp.*, Civ. No. 15-2782, 2016 WL 2893844, at *3 (3d Cir. May 18, 2016). Although "an exposition of [the] legal argument" is unnecessary, *Skinner v. Switzer*, 562 U.S. 521 (2011), a complaint should provide reasonable notice under the circumstances. *Id.* at 530. A filed pleading must be "to the best of the person's knowledge, information, and belief, formed after an inquiry

7

reasonable under the circumstances," such that "the factual contents have evidentiary support, or if so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Anderson v. Bd. of Sch. Directors of Millcreek Twp. Sch. Dist.*, 574 F. App'x 169, 174 (3d Cir. 2014) (quoting Fed. R. Civ. P. 11(b)). So long as plaintiffs do not use "boilerplate and conclusory allegations" and "accompany their legal theory with factual allegations that make their theoretically viable claim plausible," the Third Circuit has held "pleading upon information and belief [to be] permissible [w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control." *McDermott*, 2016 WL 2893844, at *4 (quotation marks, citation, and emphasis omitted).

As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

### B. Discussion

The first step of the Third Circuit's three-part analysis in reviewing a Rule 12(b)(6) motion is to take note of the elements a plaintiff must plead to state a

8

claim. Plaintiff's complaint alleges that defendant Dr. Townsend committed perjury under 18 U.S.C. § 1621, violated 28 U.S.C. § 1746 and "Chapter 11 1223, 1225, 12231, and 12233," and that Dr. Townsend made specific misstatements to her in the course of plaintiff's medical examination and on plaintiff's medical records.[7] (D.I. 1 at 3)

Plaintiff's 18 U.S.C. § 1621 claim involves a criminal statute; however, this is a civil proceeding.[8] Plaintiff's claim under 28 U.S.C. § 1746 relates to unsworn declarations under penalty of perjury in the federal judiciary, but plaintiff has not alleged that any of Dr. Townsend's declarations were made in connection with a federal administrative or judicial proceeding that would fall within the scope of the statute.[9] Under *Twombly* and *Iqbal*, the complaint must sufficiently show that the pleader has a plausible claim. In the case at bar, plaintiff has not pled any plausible claim.

The second and third prongs of the three-step analysis need not be addressed, because the court finds the analysis stops after the first prong. Plaintiff's complaint contains no well-pled factual allegations. In light of these facts, defendants' request for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is granted.

---

[7] Plaintiff alleges that she "is writing up the Division of Professional Regulation Board." (D.I. 1 at 8) This is not a cognizable claim against DPR.
[8] Plaintiff's complaint also cites "Chapter 11 1223, 1225, 12231, and 12233," which appears to be Delaware Criminal Code Title 11.[8] Plaintiff has not pled or established a private right of action under this criminal statute.
[9] As above, plaintiff has not pled or established a private right of action under this statute.

9

## V. CONCLUSION

For the foregoing reasons, plaintiff's motions for default judgment (D.I. 4, D.I. 10) are denied. Defendants' motions to dismiss (D.I. 7, D.I. 18) and Dr. Townsend's motion for joinder (D.I. 18) are granted. An order shall issue.